IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-493-BO-BM

| | | |
|---|---|---|
| CURTIS EDWIN LEYSHON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| THE STATE OF NORTH CAROLINA, | ) | |
| GOVERNOR JOSH STEIN, THE NORTH | ) | |
| CAROLINA DEPARTMENT OF JUSTICE, | ) | |
| ATTORNEY GENERAL JEFF JACKSON, | ) | |
| THE NORTH CAROLINA DEPARTMENT | ) | |
| OF REVENUE, SECRETARY MCKINLEY | ) | |
| WOOTEN, JR., THE WAKE COUNTY | ) | |
| SUPERIOR COURT DIVISION, JUDGE | ) | |
| PAUL RIDGEWAY, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, who proceeds in this action *pro se*, has responded and the motion is ripe for disposition. For the reasons that follow, the motion to dismiss is granted.

## BACKGROUND

Plaintiff initiated this action by filing a complaint. [DE 1]. Plaintiff, proceeding *pro se* and *in propria persona*, appears to challenge criminal charges that have been initiated against him in Wake County Superior Court, alleging that the criminal indictments fail to set forth the elements of the charges lodged against plaintiff as set out in *State v. Patton*, 57 N.C. App. 702 (1982). Plaintiff alleges that he has been charged with violating North Carolina's tax laws, specifically N.C. Gen. Stat. § 105-236(a)(7) and (9). Plaintiff also alleges that he has been assessed with tax

liability for over twenty-five years due to fraud and in the absence of any legal authority. Plaintiff further alleges that the violations occurred in Watauga County, and thus Watauga County is the situs of any action.

Plaintiff relies on *Younger v. Harris*, 401 U.S. 37 (1971), to argue that this Court is authorized to intervene in the state criminal proceeding pending against him. Plaintiff describes how his actions have not violated the tax laws of North Carolina, and in conclusion plaintiff alleges that the North Carolina Department of Justice and Department of Revenue have, in bad faith, filed charges and assessments against plaintiff for the past thirty years. Plaintiff alleges that he has no duty to file a state return without the requirement to show a federal return, and plaintiff asks the Court to "stop this persecution and travesty." [DE 1] at 14.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

2

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the

3

unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation omitted).

As noted above, plaintiff alleges that this Court should intervene in state criminal proceedings against him. Under *Younger*, a federal court must "abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006); *see also Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). Interference in a state criminal proceeding should occur only in "the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). "*Younger* identifies three exceptions to the court's duty to abstain: (1) 'bad faith or harassment' by state officials responsible for the prosecution; (2) a statute that is 'flagrantly and patently violative of express constitutional prohibitions'; and (3) other 'extraordinary circumstances' or 'unusual situations.'" *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 96 (4th Cir. 2022).

Each of the requirements for *Younger* abstention is met as there is an ongoing criminal proceeding against plaintiff in the state court which was initiated prior to the filing of this action, the state court prosecution implicates important and substantial interests of the state in enforcing its tax laws, and plaintiff is free to challenge the sufficiency of his indictment in his criminal proceeding. *See* [DE 9-1]; *State v. Curtis Leyshon*, No 20CR000870-910 (Wake Co. Superior Court June 4, 2020). In his opposition to the motion to dismiss, plaintiff argues that an exception to *Younger* abstain applies due to the bad faith and harassment he has faced in the state courts. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975). Plaintiff further argues that the state court is

4

acting without jurisdiction and outside its official capacity, and that this is grounds for an exception to *Younger* abstention.

Plaintiff's arguments are without merit. The Court has been provided with no plausible allegation of bad faith, harassment, or any other applicable exception. *See, e.g., Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986); *Gilbert v. N. Carolina State Bar*, 660 F. Supp. 2d 636, 646 (E.D.N.C. 2009) (noting plaintiff bears heavy burden to demonstrate exception to *Younger* abstention).

In addition to challenging the sufficiency of his indictment and seeking to enjoin his state criminal proceeding, plaintiff appears to allege a claim for deprivation of due process under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. Though plaintiff does not expressly seek damages, the Court may not dismiss a claim for damages under *Younger*. *See Nivens*, 444 F.3d at 248 (courts have "no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding.") (cleaned up). However, even were the Court to construe plaintiff's complaint as alleging a § 1983 damages claim, plaintiff's complaint would nonetheless be subject to dismissal.

Plaintiff has named state agencies and individual defendants, presumably in their official capacities as no allegations or requests for relief concern their individual conduct. *See Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995). Defendants first argue that the Court lacks subject matter jurisdiction over any claim against them under the Eleventh Amendment and sovereign immunity. The Court agrees. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This guarantee applies not only to suits against the state itself but also to suits where "one of [the state's] agencies or departments is named as the defendant[.]"

5

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). State officials sued in their official capacity for damages are also protected by Eleventh Amendment immunity. *Ballenger v. Owens*, 352 F.3d 842, 845 (4th Cir. 2003).

Plaintiff has alleged no waiver or abrogation of Eleventh Amendment immunity. *See Green v. Mansour*, 474 U.S. 64, 68 (1985). Moreover, plaintiff has not plausibly alleged a claim for the denial of due process. *See, e.g., Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013) (listing elements of procedural due process claim); *Callahan v. N. Carolina Dep't of Pub. Safety*, 18 F.4th 142, 145 (4th Cir. 2021) (listing elements of substantive due process claim). Finally, though plaintiff has alleged no specific claims against them, judicial and prosecutorial immunity would apply to defendants Judge Ridgeway and Attorney General Jackson to the extent they were named in their individual capacities. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

In sum, though plaintiff's complaint is not a model of clarity, to the extent he asks this Court to enjoin the state criminal proceedings against him, the Court refuses to exercise jurisdiction over his complaint under *Younger v. Harris*. Insofar as plaintiff has alleged a § 1983 claim against defendants, the Court lacks subject matter jurisdiction over plaintiff's claim against the state agency defendants and the individual defendants in their official capacities. Plaintiff has further failed to allege a plausible claim for relief and absolute judicial and prosecutorial immunity would apply to plaintiff's claims against defendants Ridgeway and Jackson.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 6] is GRANTED. The Court declines to exercise jurisdiction over plaintiff's complaint pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Alternatively, the Court lacks subject matter jurisdiction

6

over plaintiff's claims and plaintiff has otherwise failed to plausibly allege a claim for relief. Plaintiff's complaint is DISMISSED. The Clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this **15** day of April 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

Case 5:25-cv-00493-BO-BM     Document 15     Filed 04/16/26     Page 7 of 7